United States District Court
Southern District of Texas
**ENTERED**
May 29, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REVERSE MORTGAGE SOLUTIONS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-20-1072 |
| AMERICAN PORTFOLIO MORTGAGE CORPORATION, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is a mortgage breach-of-contract action brought by plaintiff Reverse Mortgage Solutions, Inc. ("Plaintiff") against defendant American Portfolio Mortgage Corporation ("Defendant"). Pending before the court is Defendant's Motion to Dismiss, or Alternatively, Motion to Transfer Venue and Memorandum in Support Thereof ("Motion to Transfer") (Docket Entry No. 8). Plaintiff filed its Response and Brief in Opposition to Defendant's Motion (Docket Entry No. 12) on May 28, 2020. For the reasons explained below, Defendant's motion to transfer venue to the Eastern Division of the Northern District of Illinois will be granted.

### I. Analysis

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where

it might have been brought." 28 U.S.C. § 1404(a). "When considering a § 1404 motion to transfer, a district court considers a number of private-and public-interest factors, 'none of which can be said to be of dispositive weight.'" Wells v. Abe's Boat Rentals Inc., Civil Action No. H-13-1112, 2014 WL 29590, at *1 (S.D. Tex. Jan. 3, 2014) (quoting Action Industries, Inc. v. United States Fiduciary & Guaranty Co., 358 F.3d 337, 340 (5th Cir. 2004)). The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." Id.

The court must "weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Texas, 134 S. Ct. 568, 581 (2013) (quoting 28 U.S.C. § 1404(a)). Because the court must give "some

weight to the plaintiff['s] choice of forum," the party seeking a transfer must show good cause. Id. at 581 n.6; In re Volkswagen of America, Inc., 545 F.3d 304, 315 (5th Cir. 2008) (en banc). The decision to transfer a case under § 1404(a) is "committed to the sound discretion of the transferring judge." Mills v. Beech Aircraft Corporation, Inc., 886 F.2d 758, 761 (5th Cir. 1989).

The preliminary question is "whether the suit could have been filed originally in the destination venue." Wells, 2014 WL 29590, at *1. Because Defendant resides in the Northern District of Illinois,[1] this action could have originally been filed there. See 28 U.S.C. § 1391(b).

The private interest factors are neutral or weigh in favor of transfer. Defendant argues that all potential key witnesses in the case except for Plaintiff are located in the Northern District of Illinois. Plaintiff does not disagree. Plaintiff instead argues that the case may be decided by documentary evidence and therefore there is little to no need for witnesses. The potential for a written instrument to be found ambiguous or require explanation and thus require interpretive testimony, however, requires the court to consider the availability of any such potential witnesses. See, e.g., Aventine Renewable Energy Holdings, Inc. v. Auror Cooperative Elevator Co., Civil Action No. 3:12-cv-1981-O, 2012 WL 13018981, at

---

[1] Defendant's principal place of business is located in Palatine, Illinois. Declaration of Jeanette Heller, Exhibit A to Motion to Transfer, Docket Entry No. 8-1, p. 1 ¶ 2; see 28 U.S.C. § 1391(c)(2).

\*2 (N.D. Tex. Oct. 31, 2012) (weighing the availability of witnesses in favor of transfer despite the potential for a breach-of-contract claim to be resolved on summary judgment). Plaintiff also argues that compulsory process is available for non-party witnesses, but Rule 45(c) of the Federal Rules of Civil Procedure only permits a district court to command persons to attend trials, hearings, and depositions within 100 miles or within the state where they reside. Fed. R. Civ. P. 45(c)(1). The District Court of the Northern District of Illinois is therefore better situated to compel the participation of non-parties. The private interest factors regarding compulsory process over witnesses and the cost associated with transporting witnesses to an out-of-town forum favors the Northern District of Illinois. The availability of other evidence is neutral because documents may be filed electronically in either Texas or Illinois. There are no additional practical problems counseling for or against transfer, and there is no evidence that a transfer would cause unnecessary delay or prejudice either party.

The public interest factors are mixed. The parties agree the Northern District of Illinois is more congested than the Southern District of Texas. Local interests weigh in favor of transfer because the property affected by the mortgage at issue is located in the Northern District of Illinois.[2] Defendant argues and Plaintiff does not dispute that there are Illinois tax law issues

---

[2]Complaint, Docket Entry No. 1, p. 2 ¶ 5.

in this case that are more familiar to the Northen District of Illinois than to this court. Texas law governs the contract, but there is no evidence the Northern District of Illinois is unable to interpret and apply Texas law. Neither party argues that a potential conflict of laws makes either forum more favorable.

Having considered the parties' arguments, the court is persuaded that it would be unnecessarily burdensome and unfair to Defendant for the action to be litigated in the Southern District of Texas. The balance of private and public interest factors persuades the court that the Northern District of Illinois is a more convenient forum. A transfer to the Eastern Division of the Northern District of Illinois is therefore appropriate.

## II. Conclusion and Order

For the reasons explained above, the court concludes that the Northern District of Illinois is the more convenient forum and Defendant's Motion to Dismiss, or Alternatively, Motion to Transfer Venue and Memorandum in Support Thereof (Docket Entry No. 8) is therefore **GRANTED**, and this action is **TRANSFERRED** to the Eastern Division of the United States District Court for the Northern District of Illinois.

**SIGNED** at Houston, Texas, on this 29th day of May, 2020.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE